

# NUMBER 13-11-00416-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GILBERT LLAMAS A/K/A GILBERT
LAMAS A/K/A "KILO G,"                                    Appellant,

## v.

THE STATE OF TEXAS,                                      Appellee.

### On appeal from the 24th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Rodriguez

Appellant Gilbert Llamas A/K/A Gilbert Lamas A/K/A "Kilo G" appeals from his

convictions by a jury for murder and engaging in organized criminal activity. *See* TEX.

PENAL CODE ANN. § 19.02 (West 2011), § 71.02 (West Supp. 2011). The jury sentenced Llamas to life imprisonment for both counts, and the trial court ordered the sentences to run consecutive to sentences Llamas was serving for two earlier convictions.

Concluding that the appeal in this case would be frivolous, counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

## I. COMPLIANCE WITH *ANDERS v. CALIFORNIA*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Llamas's court-appointed appellate counsel has filed a brief with this Court, stating that he has diligently reviewed the record and the applicable law. After discussing the proceedings before, during, and after trial, he concludes that in his professional opinion, "no reversible error is reflected by the record." *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Llamas's counsel has, thus, carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served his brief and motion to withdraw on Llamas, and (3) informed Llamas of his right to review the record and to file a pro se response. *See Anders*, 386

2

U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

Llamas filed a pro se response on October 5, 2012.[1] When appellate counsel files an *Anders* brief and the appellant independently files a pro se response, the court of appeals has two choices: "[i]t may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error. Or, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We are not required to review the merits of each claim raised in an *Anders* brief or a pro se response—rather, we must merely determine if there are any arguable grounds for appeal. *Id.* at 827. If we so determine, we must remand for appointment of new counsel. *Id.* Reviewing the merits raised in a pro se response would deprive an appellant of meaningful assistance of counsel. *Id.* Accordingly, we will independently review the record to determine if there are any arguable grounds for appeal.

## II. INDEPENDENT REVIEW

The United States Supreme Court has advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have carefully reviewed the record, counsel's brief, Llamas's pro se response, and the State's brief and have found nothing that would arguably support an

---

[1] The State filed its brief in response to Llamas's pro se response on October 12, 2012.

appeal. *See Bledsoe*, 178 S.W.3d at 826; *Stafford*, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly frivolous and without merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). We affirm the judgment.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Llamas's attorney has asked this Court for permission to withdraw as counsel for Llamas. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw carried with the case on March 22, 2012.[2] Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Llamas and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex*

---

[2] We also deny Llamas's motion for supplemental clerk's record and reporter's record, carried with the case on June 18, 2012, and motion for determination on his motion to supplement, carried with the case on July 25, 2012.

[3] No substitute counsel will be appointed. Should Llamas wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion

4

*parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 8th
day of November, 2012.

---

for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.